UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRENCE HANTON,

                Plaintiff,

-against-

JAY LEUNG, ANTHONY COCUZZA, and
NATALIE ESCHAVEZ, of CVS Pharmacy,

                Defendants.

23-CV-1421 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se*, filed this employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York City and State Human Rights Laws, alleging that Defendants discriminated and retaliated against him because of his religion and sexual orientation while he was employed at a CVS Pharmacy. By order dated June 12, 2023, the Court determined the following: (1) that Defendants Eschavez, Cocuzza, and Leung, who are individuals, could not be held liable under Title VII; and (2) Plaintiff's allegations that Eschavez did not allow him to transfer to another CVS Pharmacy and made comments, which he perceived were directed at his sexual orientation, were insufficient to state claims of discrimination or retaliation on the basis of his unidentified religion or sexual orientation in violation of Title VII. The Court granted Plaintiff 60 days' leave to submit an amended complaint naming his employer as a defendant and detailing his claims to state a viable claim under Title VII. Because Plaintiff did not submit an amended complaint as directed, on August 30, 2023, the Court dismissed this action for the reasons stated in the July 12, 2023 order.

    On October 2, 2023, the Court received from Plaintiff a notice of motion and a declaration in support of the motion. (ECF 7-8.) He asserts that in June 2020, Eschavez gave him a positive performance review, but later changed it to negative at the behest of Leung and

Cocuzza "because [he] would not except a management position outside [his] work availability that was a fraction of [his] actual income." (ECF 7, at 1; *see* ECF 8, at 1-2.) Plaintiff does not specify the relief he seeks.

The Court liberally construes Plaintiff's submissions together as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (providing that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff's motion does not address his failure to submit an amended complaint or the deficiencies the Court identified in the original complaint. Rather, he simply asserts that

2

Defendants retaliated against him by changing his performance review from positive to negative because he had not accepted a management position outside his work availability. (ECF 7, at 1; ECF 8, at 1-2.) Plaintiff's assertions, however, do not suggest that Defendants' actions were motivated in any way because of his race, color, religion, sex, or national origin in violation of Title VII. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). He fails to allege any facts showing that Defendants discriminated or retaliated against him based on his religion, sexual orientation, or any other impermissible factors under Title VII such as his race, color, or national origin. The Court therefore finds that Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of this action, his request for relief under Rule 60(b) is denied.

Because this matter is closed, the Court will not accept any further submissions in this action, except for papers directed to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

The Court construes Plaintiff's notice of motion and declaration together (ECF 7-8) together as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order. The Court denies the motion and terminates all other pending matters in this action.

This action is closed. The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 20, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge